## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| BILLY NORMAN CULBERTSON, | * |
| ADC #076385 | * |
|     Petitioner, | * |
| v. | * |
| | *     No. 5:16CV00257-SWW-JJV |
| WENDY KELLEY, Director, | * |
| Arkansas Department of Correction | * |
| | * |
|     Respondent. | * |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     BACKGROUND**

In January 2008, Petitioner Billy Culbertson pleaded guilty to possession of a firearm by certain persons, two counts of residential burglary, four counts of terroristic threatening, third degree battery, two counts of first degree battery, four counts of violation of a protection order, false imprisonment, harassment, kidnaping, and second degree domestic battery.  (Doc. No. 2 at 15-25.) The plea arises from a series of events with Linda Culbertson ("Linda"), the culmination of which occurred on August 15, 2006.  Mr. Culbertson, wielding a pry bar, went into Linda's home where two gentlemen were watching television.  When one of the gentlemen asked Mr. Clubertson what he was doing there, he replied he was there to kill Linda.  Then he beat both men over the head with the pry bar and dragged them into the bedroom while waiting for Linda to return home.  He hid behind the living room door until Linda arrived.  When she came in, he hit her in the forehead with the pry bar and dragged her by the hair into the kitchen.  Eventually, he left saying that he was going to kill himself.[1]

---

[1] All facts of the case are recited in the affidavit for warrant of arrest of petitioner.  Resp't Ex. A at 15-16, *Culbertson v. Hobbs*, No. 5:12CV00391-SWW,  No. 6-1.

Mr. Culbertson was sentenced to an aggregate of thirty-eight years' imprisonment with ten years suspended. He attempted to appeal the conviction, but under Arkansas law there is no right to appeal after an unconditional guilty plea. Ark. R. App. P. – Crim. 1(a). Mr. Culbertson then filed a petition to vacate and/or modify the judgment, a writ of mandamus, a state habeas corpus petition, and a federal habeas corpus petition. The federal petition was dismissed on May 10, 2013. *See Culbertson v. Hobbs*, No. 5:12CV00391-SWW.

On August 15, 2016, Mr. Culbertson filed the current Petition, arguing (1) he did not have the mental capacity to understand the court proceedings; (2) there is new evidence that his attorney was ineffective because the attorney was disbarred in June 2016, after a battle with alcohol and drug addiction ended in conviction; and (3) prosecutorial misconduct. (Doc. No. 2.) However, because Mr. Culbertson has previously challenged this conviction, his Petition is successive and must be dismissed.

**II.     DISCUSSION**

Under 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Culbertson sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this successive petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his conviction.

Therefore, I find that this Court does not have jurisdiction over Mr. Culbertson's claims. The dismissal should be without prejudice so Mr. Culbertson may refile his Petition, should the Eighth Circuit grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Culbertson's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED.

DATED this 29th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE